**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>        *Plaintiff,*<br>    v.<br><br>THERESA FOREMAN,<br>        *Defendant.* | No. 3:19-cr-62 (VAB) |

## ORDER AND RULING ON MOTION FOR RESTITUTION

On March 4, 2019, following a one-count Information, Ms. Foreman pled guilty to tax

evasion, in violation of 26 U.S.C. § 7201. *See* Information, ECF No. 1 (Mar. 4, 2019); Plea

Agreement, ECF No. 5 (Mar. 4, 2019).

On January 6, 2020, Ms. Foreman was sentenced to a term of imprisonment for one year

and one day, a three-year term of supervised release, and a special assessment of $100.00.

Judgment, ECF No. 46 (Jan. 28, 2020). Ms. Foreman was instructed to self-surrender on

February 28, 2020 at 2:00 p.m. *Id.* Restitution would be assessed at a later date. *Id.*

On March 25, 2020, the Government filed a motion for a restitution order. Mot. for

Restitution Order, ECF No. 48 (Mar. 25, 2020) ("Mot.").

Ms. Foreman has not responded.

For the reasons explained below, the Court **GRANTS** the Government's motion and

orders Ms. Lewis to pay restitution in the amount of **$640,209.46.**

## I.    STANDARD OF REVIEW

The Mandatory Victim Restitution Act ("MVRA") "provide[s] full compensation to

victims of certain types of crimes . . . including crimes against property in which an identifiable

victim has suffered a pecuniary loss[.]" *U.S. v. Smathers*, 879 F.3d 453, 459 (2d Cir. 2018); *see*

*also* 18 U.S.C. §§ 3663A and 3664 (codified provisions of the MVRA). "[T]he term 'victim'

means a person directly and proximately harmed as a result of the commission of an offense . . . . " 18 U.S.C. § 3663A(a)(2). Because restitution is a compensatory remedy and because the MVRA limits restitution to the amount of a victim's actual loss, "a restitution order must be tied to the victim's actual, provable, loss." *U.S. v. Zangari*, 677 F.3d 86, 91 (2012) (citations omitted); *see also U.S. v. Boccagna*, 450 F.3d 107, 115 (2d Cir. 2006) ("[I]t can be fairly said that the 'primary and overarching' purpose of the MVRA 'is to make victims of a crime whole, to fully compensate these victims for their losses and to restore these victims to their original state of well-being.'" (quoting *U.S. v. Simmonds*, 235 F.3d 826, 831 (3d Cir. 2000)); *see also Paroline v. U.S.*, 572 U.S. 434, 456 (2014) ("The primary goal of restitution is remedial or compensatory, but it also serves punitive purposes[.]" (citations omitted)).

The victim "must have endured a financial loss that was 'directly and proximately' caused by a defendant's fraud." *U.S. v. Calderon*, 944 F.3d 72, 95 (2d Cir. 2011) (emphasis omitted) (quoting *U.S. v. Paul*, 634 F.3d 668, 676 (2d Cir. 2011)). "[A] district court cannot properly order restitution under the MVRA unless the victim's harm resulted from the offense of conviction[.]" *U.S. v. Reifler*, 446 F.3d 65, 135 (2d Cir. 2006). "So to say that one event was a proximate cause of another means that it was not just any cause, but one with a sufficient connection to the result." *Paroline v. U.S.*, 572 U.S. 434, 444 (2014).

"'Any dispute as to the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence." *U.S. v. Green*, No. 3:16-cr-20 (MPS), 2016 WL 6652442, at *3 (D. Conn. Nov. 7, 2016) (quoting 18 U.S.C. § 3664(e)). The Government "bears the burden of establishing by a preponderance of the evidence that each individual it claims is entitled to restitution was actually a 'victim[,]'" *Calderon*, 944 F.3d at n.9 (2d Cir. 2019) (quoting *U.S. v. Archer*, 671 F.3d 149, 173 (2d Cir. 2011)), and the amount of loss sustained by a victim, 18

U.S.C. § 3664(e). "The preponderance standard 'must be applied in a practical, common-sense way.'" *U.S. v. Bryson*, No. 3:13-cr-00041 (JCH), 2015 WL 4619637, at *1 (D. Conn. July 31, 2015) (quoting *U.S. v. Gushlak*, 728 F.3d 184, 196 (2d Cir. 2013)).

## II.    DISCUSSION

The plea agreement contemplated total restitution of $712,445.71, with $688,506.71 to the IRS and $23,939.00 to individuals. Plea Agreement at 3. "Since the filing of the plea agreement, the parties have made certain adjustments in [Ms. Foreman's] favor," and the Government submits a proposed restitution order with an adjusted total that accounts for the changes. *Id.* ¶ 4. Specifically,

- "For 2011, the proposed restitution order reallocates payments between interest and penalties/fees, to ensure correct crediting." *Id.* ¶ 4(a).

- "The proposed restitution order also removes . . . A.N.N., and the $2,200 that would otherwise have been due to her . . . . [a]s such, the total amount to be paid to individuals is reduced by $2,200 and is $21,739." *Id.* ¶ 4(b).

- "For 2013, the amount of criminal tax loss has been adjusted to $39,227.87. For restitution purposes, the amount to be allocated to 2013 is $17,488.87 because, consistent with the plea agreement, the $21,739 due to others is subtracted." *Id.* ¶ 4(c).

- "For 2014, the amount to be paid to the IRS in restitution has been adjusted to $227,485.88." *Id.* ¶ 4(d).

- "Total restitution to the IRS for the 2010 through 2014 tax years is $618,470.46." *Id.* ¶ 4(e).

This results in a total criminal loss of $640,209.46. *Id.* ¶ 5.

As Ms. Foreman agreed to pay a greater amount in the plea agreement and the Government is seeking less, the Court will award restitution of $640,209.46.

### III.    CONCLUSION

For the reasons explained above, the Court **GRANTS** the Government's motion and orders Ms. Lewis to pay restitution in the total amount of **$640,209.46**.

**SO ORDERED** at Bridgeport, Connecticut, this 3rd day of April, 2020.

 /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge